JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HAMMOND, <br> Petitioner, <br> v. <br> DEBBIE ASUNCION, <br> Respondent. | Case No. 2:18-cv-08788-VAP-KES <br><br> ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE |

## I.
## INTRODUCTION

Petitioner Kenneth Hammond ("Petitioner") filed an undated Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), docketed by the Court on October 12, 2018. (Dkt. 1.) Petitioner is incarcerated at California State Prison, Los Angeles County for conspiracy to commit robbery. (Id.) Petitioner failed to comply with a Court order to pay the filing fee. (See Dkt. 14.) Thus, the Petition is dismissed without prejudice.

1

## II.

## FACTUAL BACKGROUND.

When he filed the Petition, Petitioner did not pay the filing fee or submit a completed application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"). (Dkt. 1.) Petitioner only submitted a declaration is support of his request to proceed IFP, without his trust account statement or the certification of an authorized prison official. (<u>Id.</u> at 9-10.)

On November 19, 2018, the Court docketed a completed request by Petitioner to proceed IFP, dated October 24, 2018. (Dkt. 8.) The request included: (1) a declaration in which Petitioner declared under penalty of perjury that he has not received money from any source (including gifts) within the last twelve months (<u>id.</u> at 1-2); (2) the certificate of an authorized prison officer, certifying that over the past six months Petitioner's average monthly balance was $11.63 and his average monthly deposits were $17.00 (<u>id.</u> at 3); and (3) an inmate trust account statement report, showing that Petitioner received deposits of $55.00 and $50.00 in October 2018, but no transactions prior to October 17, 2018. (<u>Id.</u> at 4.)

On November 29, 2018, the Court denied Petitioner's request to proceed IFP because "although his account balance was $0.00 as of October 24, 2018, he received deposits in excess of $50.00 during the month of October 2018." (Dkt. 9.) The Court ordered Petitioner to pay the filing fee or file a renewed request to proceed IFP (with an updated inmate trust account statement report) within thirty days of the order (i.e., on or before December 29, 2018). (<u>Id.</u>)

On December 18, 2018, Respondent filed an Answer to the Petition (Dkt. 10) and lodged records bearing on the merits of Petitioner's claims. (Dkt. 11.) Per the order requiring a response to the Petition, Petitioner could have filed a Reply within thirty days (i.e., on or before January 17, 2019.) (Dkt. 4.) Petitioner did not choose to file a Reply.

//

On January 7, 2019, the Court docketed a renewed request to proceed IFP, dated December 17, 2018. (Dkt. 12.) This request included: (1) a declaration in which Petitioner declared under penalty of perjury that he has not received money from any source (including gifts) within the last twelve months (id. at 1, 3); (2) the certificate of an authorized prison officer, certifying that over the past six months Petitioner's average monthly balance was $28.29 and his average monthly deposits were $34.17 (id. at 3); and (3) an inmate trust account statement report, showing that Petitioner received deposits of $55.00 and $50.00 in October 2018 and a deposit of $100 in November 2018, but no transactions prior to October 17, 2018 or after November 27, 2018. (Id. at 4.)

On January 16, 2019, the Magistrate Judge recommended that the renewed request to proceed IFP be denied because Petitioner's inmate trust account statements show recent deposits of $50 and $100, which were not explained in Petitioner's declaration. (Dkt. 14.) Given Petitioner's average monthly balance and average monthly deposits, he made an inadequate showing of his inability to pay the $5.00 fee. (Id.) On January 25, 2019, the District Judge adopted the recommendation, denying the request to proceed IFP and ordering Petitioner to pay the full filing fee within thirty days (i.e., on or before February 25, 2019) "or this case will be dismissed." (Id.) Petitioner neither paid the filing fee nor requested any form of relief.

## III.
## DISCUSSION

When a petitioner files a petition for writ of habeas corpus pursuant to § 2254, the petition must be accompanied by the applicable filing fee or a request for leave to proceed IFP. Rule 3(a), Rules Governing Section 2254 Cases in the U.S. District Courts. The IFP request must include "the affidavit required by 28

U.S.C. § 1915,[1] and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Id. Under 28 U.S.C. § 1914, the filing fee for a habeas action is $5.00. 28 U.S.C. § 1914(a).

Proceeding IFP in a habeas action is a privilege. The Advisory Committee Notes to Rule 3 provide: "Since prosecuting an action in forma pauperis is a privilege (see Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)), it is not to be granted when the petitioner has sufficient resources." Advisory Committee Notes, 1976 adoption; see also Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("We recognize that an indigent may not be required to pay a filing fee to file a habeas corpus petition, nor be required to pay to file a civil action involving a fundamental constitutional right. This court has held, however, that court permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of in forma pauperis status does not violate the applicant's right to due process." (citations omitted)); Smith v. Bennett, 365 U.S. 708, 712-13 (1961) (holding that a state cannot deny habeas review to indigent inmates who lack the resources to pay the filing fee, but "[t]o require the State to docket applications for the post-conviction remedy of habeas corpus by indigent prisoners without the fee payment does not necessarily mean that all habeas corpus or other actions involving civil rights must be on the same footing.").

Here, Petitioner is not entitled to that privilege. Petitioner submitted two inmate trust account statements, showing that he received over $100 in deposits in

---

[1] The revised IFP provisions of the Prison Litigation Reform Act ("PLRA") do not apply to habeas proceedings, however. Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997) ("Congress was clearly not concerned with habeas corpus proceedings when they enacted the PLRA …."); see also Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005) (holding that the PLRA three strikes provision does not apply to habeas petitions).

October 2018 and $100 in November 2018; the statements did not show any transactions prior to October 2018 or after November 2018. (Dkts. 8, 12.) Petitioner's declarations did not explain the source of this income. (Id.) Instead, he declared that he received no income—a fact contradicted by his statements. (Id.) Additionally, Petitioner most recently maintained an average monthly balance of $28.29. (Dkt. 12.) Because the filing fee in a habeas action is only $5, the Court assessed that Petitioner made an inadequate showing of his inability to pay the $5 fee. (Dkts. 9, 14.) Petitioner was ordered to pay the filing fee on or before February 25, 2019 (Dkt. 14) but failed to do so.

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

Thus, a district court may dismiss a habeas petition for failure to timely pay the filing fee or submit an IFP application. Young v. U.S., 465 F. App'x 597, 598 (9th Cir. 2012) (memorandum) (district court did not abuse discretion for dismissing habeas petition when petitioner did not timely pay the filing fee or provide an IFP application) (citing James v. Madison Street Jail, 122 F.3d 27, 28 (9th Cir. 1997) (per curiam) (explaining requirements for timely filing by pro se prisoner of IFP application)); Culler v. Board of Prison Terms, 405 F. App'x 263, 264 (9th Cir. 2010) (memorandum) (same); Scott v. LaMarque, 27 F. App'x 858, 859 (9th Cir. 2001) (memorandum) (affirming dismissal for petitioner's failure to comply with order to pay filing fee or show cause why he could not pay); see also Lawrie v. Allison, 2011 WL 1691799 (S.D. Cal. May 3, 2011) (dismissing without prejudice where petitioner failed to complete the IFP application or pay the filing

fee in a timely manner); <u>Davis-Rice v. Clark</u>, 2006 WL 1646143 (N.D. Cal. June 14, 2006) (same); <u>Ulrey v. Yates</u>, 2006 WL 3456605 (E.D. Cal. Nov. 27, 2006) (same); <u>Harris v. Yates</u>, 2004 WL 1047975 (N.D. Cal. May 3, 2004) (same); <u>Williams v. Mayberg</u>, 2003 WL 22519421 (N.D. Cal. Nov. 4, 2003) (same).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); <u>Gibbs v. Hedgpeth</u>, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding); <u>see also</u> <u>Dean v. LA Superior Court</u>, 2018 WL 3127421 (C.D. Cal. May 14, 2018) (applying five factors where petitioner did not timely file amended petition, pay filing fee, or apply to proceed IFP). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." <u>Valley Eng'rs v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

Here, the five factors support dismissal of Petitioner's action based on his failure to prosecute this case by complying with the Court's order to pay the filing fee. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor—the Court's need to manage its docket—also supports dismissal. Petitioner's "noncompliance [with the order to pay the filing fee] has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." <u>Id.</u> (internal quotations marks omitted). Over three months have passed since Respondent filed an Answer to the Petition. (Dkt. 10.) Nevertheless, this action has stalled due to Petitioner's

noncompliance with the order to pay the filing fee. Petitioner's inaction frustrates the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.

The third factor—prejudice to Respondent—supports dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure … The law presumes injury from unreasonable delay." Southwest Marine, Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (citing Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir. 1994)).

The fourth factor—availability of less drastic sanctions—favors dismissal. Petitioner has not only failed to pay the filing fee, but he has also failed to submit any other filings or correspondence (like a request for extension of time) to the Court since early January—nearly three months ago. Petitioner has also been provided several opportunities to file an IFP application showing his inability to pay the filing fee (e.g., by explaining the source of these deposits and why this income cannot go towards the filing fee). Under these circumstances, the Court is unable to impose a lesser effective sanction.

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 640, 643 (9th Cir. 2002).

Since four of five enumerated factors support dismissal, it is recommended that this action be dismissed pursuant to Rule 41(b) and Local Rule 41-1. Local Rule 41-2 states that, "[u]nless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice." See also Fed. R. Civ. P. 41(b) ("[u]nless the dismissal order states otherwise," a dismissal pursuant to Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits absent exceptions that are not relevant here). In general, a court has discretion to dismiss an action under Rule 41(b) with or without prejudice. See Fed. R. Civ. P.

41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Considering all of the circumstances, this action is dismissed in its entirety without prejudice.

DATED: April 01, 2019

_____
VIRGINIA A. PHILLIPS
Chief United States District Judge

Presented by:

_____
KAREN E. SCOTT
United States Magistrate Judge